J-S45024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                           :          PENNSYLVANIA
                                           :
            v.                           :
                                           :
                                           :
FREDERICK BROOKS                     :
                                           :
                 Appellant            :      No. 2212 EDA 2021

Appeal from the PCRA Order Entered September 27, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0003383-2015

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:           **FILED FEBRUARY 28, 2023**

Appellant, Frederick Brooks, appeals from the September 27, 2021 order entered in the Court of Common Pleas of Philadelphia County denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant contends the PCRA court erred by denying relief because trial counsel was ineffective for failing to interview and investigate a witness.  Upon review, we affirm.

On direct appeal, this Court repeated the trial court's summary of relevant facts as follows:

> On August 24, 2014, [Appellant] was a hotel guest at the Crowne Plaza Hotel in Philadelphia.  Capri Grice, a housekeeper at the hotel, knocked on [Appellant's] door to clean the room, announcing "housekeeping" before entering.  When no one responded, Ms. Grice opened the door only to find Brooks and a woman asleep on the bed.  Grice closed the door without entering and continued down the hallway to clean the next room.

A short time afterwards, Brooks and his female companion exited their room and followed Grice down the hallway, angrily demanding that she return the money. [Appellant] then grabbed the maid by the throat pinned her against the wall lifting her off the ground choking her and rendering her unable to breathe while she and her cart were searched by the woman who was with [Appellant]. Ms. Grice testified that the choking lasted for approximately fifteen minutes. The housekeeper told [Appellant] that she did not have his money and she never entered his room. When another hotel guest came out of their room and into the hallway to intervene, Ms. Grice escaped to call security. [Appellant] followed her into the room to which she had fled and continued to angrily demand she return his money. [Appellant] left to go search his room for the money which he found behind the dresser. [Appellant] thought this was funny, laughing as he told the housekeeper "Just let it go[]" and trying to give her some money. Ms. Grice refused the money, and hotel management called the police. When the police arrived on the scene, [Appellant] had fled and Ms. Grice was still crying and visibly shaking. The housekeeper was suffering from severe head pain as a result of the choking, spent the night in the hospital and missed a full week of work.

***Commonwealth v. Brooks***, 1190 EDA 2016, unpublished memorandum at 1-2 (Pa. Super. filed July 20, 2017) (quoting Trial Court Opinion, 7/12/16, at 2-3) (citations to notes of testimony omitted).

Following a bench trial, the trial court found Appellant guilty of aggravated assault, simple assault, and recklessly endangering another person, imposing an aggregate sentence of three to six years in prison, followed by two years' probation.[1] On direct appeal, this Court affirmed his

---

[1] At trial, the Commonwealth called as witnesses Ms. Grice and Officer Roland Butler, the officer who arrived at the hotel in response to a radio call concerning the assault. Appellant did not testify and did not present any witnesses in his defense. ***See*** Notes of Testimony ("N.T."), Trial, 12/16/15.

judgment of sentence. **Id.** Appellant then filed a petition for allowance of appeal to our Supreme Court, which denied the petition on December 5, 2017. **Commonwealth v. Brooks**, 176 A.3d 231 (Table) (Pa. 2017).

Appellant filed a timely *pro se* PCRA petition on February 16, 2018. Counsel was appointed and, following many continuances, the substitution of counsel, and the filing of an amended petition, the Commonwealth filed a motion to dismiss on February 23, 2021. On August 16, 2021, the PCRA court issued a Notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the amended petition without a hearing. By order entered on September 27, 2021, the PCRA court dismissed the petition. This timely appeal followed. Both Appellant and the PCRA court complied with R.A.P. 1925.

Appellant presents one issue for our consideration:

Did the PCRA court err in dismissing Appellant's PCRA petition where Appellant's conviction was the result of the ineffective assistance of trial counsel, because trial counsel failed to interview and investigate eyewitness David House, who witnessed the events that transpired in this case, where David House's first-hand account of the events would have been relevant and probative on the issue of whether Appellant's alleged acts constituted any crime of either simple assault or aggravated assault?

Appellant's Brief at 8 (some capitalization omitted).

"It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." **Commonwealth v. Koehler**, 36 A.3d 121, 132 (Pa. 2012) (citing **Strickland v. Washington**, 466 U.S. 668, 687–91, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984)).  As this Court reiterated in **Commonwealth v. Stewart**, 84 A.3d

701 (Pa. Super. 2013) (*en banc*), *appeal denied*, 93 A.3d 463 (Pa. 2014):

> "To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." **Commonwealth v. Chmiel**, 612 Pa. 333, 30 A.3d 1111, 1127 (2011).  Where the petitioner "fails to plead or meet any elements of the above-cited test, his claim must fail." **Commonwealth v. Burkett**, 5 A.3d 1260, 1272 (Pa. Super. 2010).

**Id.** at 706-07.  **See also Koehler**, 36 A.3d at 132 (same).  Our Supreme

Court has recognized that "an appellate court reviews the PCRA court's

findings of fact to determine whether they are supported by the record, and

reviews its conclusions of law to determine whether they are free from legal

error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014).

In his Amended PCRA Petition, the sole bases for relief were set forth in

Paragraphs 10(1) and 11(1).  Appellant asserted he was entitled to PCRA relief

due to the "[i]neffective assistance of counsel which, in the circumstances of

the particular case, so undermined the truth determining process that no

reliable adjudication of guilt or innocence could have taken place."  Amended

PCRA Petition, 10/28/20, at ¶ 10.  He continued:

> 11. More specifically, Petitioner is entitled to relief because trial counsel was ineffective for,
>
> > (1) Inadequately preparing his case by failing to review discovery and identify a witness David House.  Conduct a formal interview of such witness and present him at trial.  Counsel also failed to investigate this case and preserve and collect video recordings from the crime scene.

*Id.* at ¶ 11 (verbatim).[2]

In ***Commonwealth v. Pander***, 100 A.3d 626 (Pa. Super. 2014) (*en banc*), this Court explained:

> "Neglecting to call a witness differs from failing to investigate a witness in a subtle but important way." ***Stewart***, 84 A.3d at 712. The failure to investigate "presents an issue of arguable merit where the record demonstrates that counsel did not perform an investigation." ***Id.*** "It can be unreasonable *per se* to conduct no investigation into known witnesses." ***Id.*** Importantly, a petitioner still must demonstrate prejudice. ***Id.*** To demonstrate prejudice where the allegation is the failure to interview a witness, the petitioner must show that there is a reasonable probability that the testimony the witness would have provided would have led to a different outcome at trial. ***Commonwealth v. Dennis***, 597 Pa. 159, 950 A.2d 945, 961 (2008).
>
> In this respect, a failure to investigate and a failure to interview a witness overlaps with declining to call a witness since the petitioner must prove: (i) the witness existed; (ii) the witness was available to testify; (iii) counsel knew of, or should have known of, the existence of the witness; (iv) the witness was willing to testify; and (v) the absence of the testimony was so prejudicial as to have denied the defendant a fair trial. ***See Commonwealth v. Dennis***, 609 Pa. 442, 17 A.3d 297, 302 (discussing failure to interview and call and alibi witness).

*Id.* at 638-39.

Appellant notes that Mr. House was identified as an eyewitness to the incident on Officer Butler's report, which included Mr. House's Virginia address. Appellant suggests that "[t]o the extent that Mr. House witnessed the events of this incident firsthand, Mr. House was a crucial fact witness in

---

[2] We note that Appellant is not pursuing his claim relating to video recordings in this appeal.

Appellant's case." Appellant's Brief at 17. He contends that Mr. House witnessed the interaction between Ms. Grice and Appellant and that he "observed events regarding the nature of the assault and seriousness of any injuries." *Id.* at 18.

As noted above, this Court in **Pander** recognized that failure to investigate a known witness can be unreasonable *per se*. However, "[i]mportantly, a petitioner must still demonstrate prejudice [by showing] that there is a reasonable probability that the testimony the witness would have provided would have led to a different outcome at trial." **Pander**, 100 A.3d at 638-39.

The timeline of events included in the Factual History set forth in Appellant's brief underscores the lack of prejudice resulting from the failure to investigate and interview Mr. House. Appellant cites the testimony of Ms. Grice, in which she recounts that Appellant and his female companion approached her in the hall outside their room. There, an angry Appellant held Ms. Grice against the wall with a hand on her throat and repeatedly asked where his money was. When she responded that she did not know where his money was, Appellant choked her against the wall while his companion searched Ms. Grice and her housekeeping cart. Appellant continued his accusatory tirade as Ms. Grice continued her denials. Appellant let her go but then grabbed her arm and said, "B-I-T-C-H, where's my money? I'm not playing with you. Where's my effing money?" Appellant's Brief at 13-14

(quoting N.T., Trial, 12/16/15, at 10). "He then paced up and down the hallway. **Another hotel guest walked into the hallway and told [Appellant] to calm down**. In response, [Appellant] told the man to mind his own business. While [Appellant] and the man were arguing, Ms. Grice entered another room to call security." **Id.** at 14 (citing N.T., Trial, 12/16/15, at 10, 11) (emphasis added).[3]

By Appellant's own timeline, the incidents of holding Ms. Grice against the wall and choking her occurred **before** the guest, Mr. House, even stepped into the hallway from his room. Nothing in Appellant's Factual History suggests Mr. House observed any part of the assault, unlike Appellant's companion—whom Appellant's counsel identified as Appellant's fiancée[4]—who did not testify. Therefore, Appellant is unable to demonstrate prejudice by showing any reasonable probability that testimony from Mr. House would have led to a different outcome at trial. The failure to demonstrate actual prejudice defeats Appellant's claim with respect to the failure to investigate or interview Mr. House. **See Pander**, 100 A.3d at 639.

Consistent with **Pander**, in which this Court also addressed the failure to call a witness at trial, our Supreme Court has stated:

> To prevail on a claim that trial counsel was ineffective for failing to present a witness, the defendant must demonstrate that: (1)

---

[3] We note that portions of Appellant's Factual History erroneously cite Page 16 of the trial transcript for testimony that appears on Page 10 of the transcript.

[4] **See** N.T., Sentencing, 4/8/16, at 8-9.

the witness existed; (2) counsel was either aware of or should have been aware of the witness's existence; (3) the witness was willing and able to cooperate on behalf of the defendant; and (4) the proposed testimony was necessary to avoid prejudice to the defendant.

*Commonwealth v. Tharp*, 101 A.3d 736, 757 (Pa. 2014) (quoting *Commonwealth v. Bryant*, 855 A.2d 726, 746 (Pa. 2004) (additional citation omitted)).

While Officer Butler's report might confirm Mr. House's existence and an inference that trial counsel was aware of his existence, there is no suggestion that Mr. House was willing or able to cooperate on Appellant's behalf, or that his proposed testimony would have been favorable to Appellant. In fact, Ms. Grice's testimony suggests to the contrary. As she testified, Mr. House came out of his room, "and was, like, What's going on. Calm down. Why you hitting on her?" N.T. Trial, 12/16/15, at 9. She explained that Appellant told Mr. House "to mind his business," and then described Appellant and Mr. House as "going at it" while she went into a nearby room to call security. *Id.* at 9-10.

As the PCRA court recognized,

[Appellant] has failed to provide even a scintilla of evidence required. There is no affidavit from Mr. House, nor any other evidence provided from which it could be determined that this individual was willing to testify, or that his testimony would have benefitted [Appellant] in any way whatsoever. . . . Having failed to provide even a pittance of proof as to this witness, the claim is meritless.

PCRA Court Opinion, 7/12/22, at 7.

We agree. By failing to demonstrate that Mr. House was available and prepared to cooperate and to testify on his behalf, Appellant has failed to meet his burden to raise even a *prima facie* claim of counsel's ineffectiveness on this basis. **See Commonwealth v. Pursell**, 724 A.2d 293, 306 (Pa. 1990).

We conclude that the PCRA court's factual findings are supported by the record and that its legal conclusions are free of error. Therefore, we shall not disturb its ruling.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2023